1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HERMETIC ORDER OF THE GOLDEN
DAWN, INC.,

             Plaintiff,

  v.

DAVID J. GRIFFIN,

             Defendant.

_____/

No. C 05-00432 JSW

**ORDER GRANTING MOTION TO
VACATE ENTRY OF DEFAULT
AND DENYING AS MOOT
MOTION FOR ENTRY OF
DEFAULT JUDGMENT.**

**INTRODUCTION**

      This matter comes before the Court upon consideration of the motion for default

judgment filed by the Hermetic Order of the Golden Dawn ("Plaintiff") and the motion to vacate

entry of default judgment and/or default order filed by David J. Griffin ("Defendant"). Having

considered the parties' pleadings, the record in this case, and relevant legal authority, the Court

finds these matters to be suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-

1(b).[1]

      The Court HEREBY GRANTS Defendant's motion to vacate the entry of default, and

DENIES AS MOOT Plaintiff's motion for entry of default judgment.

---

    [1]      The parties are hereby admonished that at all court appearances and in all
future pleadings, they are address the legal issues raised and refrain from including attacks on
one another and their counsel that are peppered throughout the motions currently pending
before this Court.

**United States District Court**

For the Northern District of California

## FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2005, Plaintiff filed its complaint against Defendant alleging trademark infringement, unfair competition, violations of California Business and Professions Code § 17200, and tortious interference with contract.

On May 13, 2005, Plaintiff filed a certificate of service documenting its efforts to serve Defendant.  (Docket No. 9).  Plaintiff purports to have served Defendant by substituted service under California law on or about April 26, 2005.  (*Id.*)  Assuming, without deciding, that service was effected properly, Defendant's answer or other responsive pleading would have been due on or about May 16, 2005.  However, Defendant did not respond by that date, and, on June 6, 2005, Plaintiff  filed a motion for entry of default.

On June 9, 2005 at approximately 11:19 a.m., the Clerk entered default against defendant.  (Docket No. 11, service receipt.)  On that same day, Defendant, appearing *pro se*, filed a motion to dismiss.  The file stamp on that document shows it was filed at approximately 12:44 p.m.  (Docket No. 12.)  Defendant also filed an application for his attorney to appear *pro hac vice*, which was file stamped at 12:37 p.m.  Plaintiff moved to enter a default judgment the following day, June 10, 2005.  On June 13, 2005, Defendant moved to vacate the entry of default judgment and/or default.

## ANALYSIS

### A.    Legal Standard.

Pursuant to Federal Rule of Civil Procedure 55(c), "[f]or good cause shown the court may set aside the entry of default."  The Court's discretion in determining whether to set aside the entry of default, as opposed to the entry of default judgment, is "especially broad."  *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000).  In general, there is a strong preference for resolving cases on their merits.  *See, e.g., TCI Group Life Ins. Plan v. Knoebber ("TCI")*, 244 F.3d 691, 696 (9th Cir. 2001) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Factors that the Court may consider in determining whether a defendant has shown good cause to set aside a default are: whether the defendant's conduct was culpable; whether the defendant has a meritorious defense; or whether the plaintiff would be prejudiced by vacating

the entry of default.  *See, e.g., TCI*, 244 F.3d at 696 (considering vacating entry of default pursuant to Federal Rule of Civil Procedure 60(b), but noting that factors re "good cause" standard under Rule 55(c) are same).  Defendant bears the burden of establishing that these factors weigh in favor of vacating the default.  *Id.*

**B.      Defendant Has Demonstrated Good Cause to Vacate the Entry of Default.**

**1.      Defendant's conduct was not culpable.**

A party's conduct can be considered culpable if he, or she, "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."  *TCI*, 244 F.3d at 697 (emphasis in original).  In *TCI,* however, the Ninth Circuit has made clear that a lack of "culpable conduct" is essentially the equivalent of excusable neglect.  Thus, if the defaulting party comes forth with a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process," his or her conduct is excusable, not culpable.  *Id.* at 697-98; *see also id.* at 698 ("'culpability' involves 'not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings'") (quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1525 (9th Cir. 1989).)

Here, Defendant explains that he did not respond sooner based on his belief that he was not properly served.  Defendant did not merely rest on that belief, however, but rather filed a motion to dismiss based on improper service, albeit after his time to respond had expired.[2] Further, Defendant's motion was filed within one and one half hours of the actual entry of default.  Although it does appear that Plaintiff had difficulty locating Defendant for purposes of service, the Court does not find any evidence in the record that suggests Defendant was intentionally evading service or otherwise intending to take advantage of Plaintiff, interfere with judicial decisionmaking, or otherwise manipulate the legal process.

As such, the Court concludes that Defendant's conduct in failing to timely respond to the Complaint was not culpable.

---

[2]      This motion is set for hearing on September 30, 2005, and the Court expresses no opinion on the merits of that motion.

*United States District Court*

*For the Northern District of California*

**United States District Court**

**For the Northern District of California**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.      Defendant has put forth sufficient evidence of a meritorious defense.**

With respect to the question of a meritorious defense, "[t]he underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (affirming denial of motion to set aside entry of default where there was no showing of meritorious defense). Defendant submits an agreement that he and Plaintiff entered into, in which they purported to license the rights to each other's respective marks and claimed to recognize each other's ownership in those marks. (*See* Declaration of David J. Griffin In Support of Motion to Vacate Entry of Default, Ex. 1.) Although it appears that the Plaintiff will contest the validity of this agreement, the Court cannot say that Defendant does not have a colorable defense to Plaintiff's claims of trademark infringement and unfair competition.

**3.      Plaintiff would not be prejudiced by vacating entry of default.**

"To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case. Rather 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI,* 244 F.3d at 701 (quoting *Falk,* 739 F.2d at 463). For example, a court could find prejudice if there was a loss of evidence or increased difficulties in obtaining discovery. *Id.* There has been no such showing in this case and, given the early stages of this litigation and the strong preference for resolving cases on their merits, the Court finds that no prejudice would result from vacating the entry of default.

Accordingly, the Court finds good cause to vacate the entry of default and GRANTS Defendant's motion. In light of this ruling, Plaintiff's motion for entry of default judgment is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:  September 20, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE