**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HERMETIC ORDER OF THE GOLDEN DAWN, INC.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>DAVID J. GRIFFIN,<br><br>Defendant and Counterclaimant.<br>_____/ | No. C 05-00432 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 1, 2006:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. **The parties shall not file written responses to the questions posed in this notice.**

The Court **tentatively DENIES** Plaintiff's motion for summary judgment and **tentatively DENIES** Defendant's motion for summary judgment.

**Preliminary Questions**

1. Resolution of both parties' motions seems to depend upon whether the 1996 Agreement is still in force and, if so, what the exact nature of that agreement is. Based on other evidence in the record, it appears to the Court that 1996 Agreement is ambiguous as to what marks were covered. The 1996 Agreement states that the parties' granted one another rights to use the other's "names," but other evidence suggest different marks might be covered by the 1996 Agreement. *See* Griffin Declaration in Support of Defendant's Motion for Summary Judgment, Ex. 6 at p. 7 (Letter from Jorge Hevia stating that partnership granted rights to plaintiff to use the "Ordo Rosae Rubeae et Aureaea Crucis" and "RR & AA" marks).

    a. If Defendant contends that the 1996 Agreement is not a license or a cross-license, does he maintain it is a partial assignment, as his attorney asserted to the USPTO and, if so, on what legal authority does he rely to support his position and what language in the 1996 Agreement supports his position?

    b. On what legal authority does Plaintiff rely to support its contention that the 1996 Agreement is a license or a cross-license and what language in the 1996 Agreement supports its position?

    c. Assuming the Court were to find that the 1996 Agreement is still in force, what is each party's best argument that there are no disputed facts precluding summary judgment on the nature of the 1996 Agreement?

2. What is Defendant's best argument that the Court should consider the motions and objections Defendant filed on November 19 and 20, 2006, when Defendant did not seek leave of Court to file those motions? *See* N.D. Civ. L.R. 7-3(d).

**Plaintiffs' Motion for Summary Judgment.**

3. If the Court concluded that the 1996 Agreement is not a license or cross-license, would Plaintiff agree that the sub-licensing rule would not apply to this case?

4. If the 1996 Agreement is a consent-to-use Agreement, does Plaintiff still maintain the argument that Defendant has no rights under that agreement and, if so, on what authority does it rely?

5. Plaintiff asserts that the 1996 Agreement cannot be enforced because of the dissolution of the Griffin-Behman partnership. If the Court rejects that argument, is there any other basis on which Plaintiff contends that the 1996 Agreement cannot be enforced? If so, where in its pleadings in connection with these motions is such an argument asserted?

6. If the Court agrees with Plaintiff that any rights Defendant had to use Plaintiff's mark were extinguished when the Behman-Griffin partnership dissolved, would Plaintiff agree that its rights to use the Defendant's marks also terminated at that time?

7. If the 1996 Agreement is a license agreement, with respect to Plaintiff's argument that Defendant did not obtain the rights to use Plaintiff's mark upon dissolution of the Griffin-Behman partnership, although Plaintiff is correct that the sale of the partnership agreement does not refer to "good will", it appears that Defendant is continuing in the same business as the partnership, albeit as a sole proprietorship. What evidence is in the record to demonstrate that Griffin did not receive the good will of that partnership? *See, e.g., E&J Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1289 (9th Cir. 1992) ("The purpose behind requiring that goodwill accompany the assigned mark is to maintain the continuity of the product or service symbolized by the mark and thereby avoid deceiving or consuming consumers."); *see also Marshak v. Green*, 746 F.2d 927, 930 (2d Cir. 1984) ("[C]ourts have upheld such assignments if they find that the assignee is producing a service substantially similar to that of the assignor and that the customers would not be deceived or harmed.").

8. Plaintiff moves for summary judgment solely on its claim of trademark infringement. If the Court finds for Plaintiff on that claim, which of the other causes of action alleged in the Complaint does Plaintiff contend would remain to be resolved at trial?

9. Are there any other issues that the parties wish to address, including any matters raised on reply?

**Defendant's Motion for Summary Judgment**

1. Is the Court correct that Defendant moves for summary judgment solely on his claim for breach of contract and not on the remaining causes of action?

2. In his counterclaim, Griffin alleges that HOGDI breached the 1996 Agreement by misappropriating the name "Hermetic Order of the Golden Dawn." In his motion for summary judgment and in his reply brief, however, Griffin sets forth a number of other actions taken by HOGDI.

   a. What is Plaintiff's response to Defendant's argument that he is entitled to judgment on his breach of contract claim?

   b. What are Griffin's damages for each of the alleged breaches and where in the record can the Court find evidence of those damages?

3. Local Rule 26-2 provides that "[u]nless otherwise ordered, as used in any order of this Court, ... a 'discovery cut-off' is the date by which all responses to written discovery *are due*." N.D. Civ. L.R. 26-2 (emphasis added). That rule also provides that "[d]iscovery requests that call for responses ... after the applicable discovery cut-off are not enforceable, except by order of the Court or for good cause shown." Griffin served his discovery requests on HOGDI the day before the discovery cut-off, did not ask the Court to compel responses from HOGDI, and has not shown good cause for requiring those responses. On what basis then, should the Court, deem HOGDI to have admitted to the requested facts?

4. Does Plaintiff move to strike the Griffin declaration in its entirety?

3

5. Are there any other issues that the parties wish to address, including any matters raised on reply?

Dated: November 28, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4