NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HERMETIC ORDER OF THE GOLDEN DAWN, INC., <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> DAVID J. GRIFFIN, <br><br> Defendant and Counterclaimant. | No. C 05-00432 JSW <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This matter comes before the Court upon consideration the motion for summary judgment filed by Defendant, David J. Griffin ("Griffin"). Griffin moves for summary judgment on his first cause of action for breach of contract and also moves for summary judgment on the trademark infringement claim asserted against Griffin by Plaintiff, The Hermetic Order of the Golden Dawn, Inc. ("HOGDI"). HOGDI cross-moves for summary judgment on its trademark infringement claim. Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY DENIES HOGDI's motion and DENIES Griffin's motion.

## FACTUAL BACKGROUND

Although the Court denies the parties' motions because it concludes there are disputed issues of fact, some factual background is necessary. HOGDI owns U.S. Trademark Registration No. 2,034,866 for the mark "THE HERMETIC ORDER OF THE GOLDEN

DAWN & Design" (hereinafter "the Golden Dawn mark"), which was registered on February 4, 1997 for "instructional and teaching booklets in the field of magic" and "providing course of instruction in training in the field of magic." (*See* Complaint, ¶¶ 1, 9; Declaration of Michael Cronen in Support of Plaintiff's Motion for Summary Judgment ("Cronen Decl."), Ex. A.) HOGDI has received a certificate of incontestability from the USPTO. (Cronen Decl., Ex. C.)

Griffin is the owner of the European mark "Hermetic Order of the Golden Dawn," No. 000063925, in the fields of "arrangement of lectures, seminars, and courses of instruction, including the publication of books and instructional materials in the fields of personal development and the western esoteric tradition, including related religious services," and "[e]vangelical and religious services, astrological services, social and cultured information services." (Declaration of David John Griffin In Support of Motion for Summary Judgment ("Griffin Decl."), ¶ 4, Ex.2.)[1] Griffin also owns the Canadian mark "The Hermetic Order of the Golden Dawn International," no. TMA510,387. (Supplemental Declaration of David John Griffin in Opposition to Plaintiff's Motion for Summary Judgment ("Griffin Supp. Decl."), Ex. 6.) Griffin also is the sole proprietor of "Hermetic Order of the Golden Dawn," which he claims is the successor business to a general partnership of the same name. (*Id.*, ¶¶ 3-4.) That partnership was formed between Griffin and Patricia Behman (the "Griffin-Behman Partnership").

The parties co-existed with respect to the Golden Dawn mark for some period of time. This co-existence stems from an agreement dated November 20, 1996 ("the 1996 Agreement"), between Charles Cicero, on behalf of HOGDI, and the Griffin-Behman Partnership. (*See* Griffin Decl., Ex. 1.) The 1996 Agreement provides, in pertinent part:

> WHEREAS both parties recognize each other as lineal descendants and practitioners of the teachings and system of the original Hermetic Order of the Golden Dawn as well as the Ordo Rosae Rubeae et Aureae Crucis (R.R. et A.C.) (herein called **"Original Order"**), founded, respectively, in England in 1888 and 1892 and, whereas both parties share a mutual respect for the late Dr. Francis Israel Regardie;

---

[1] Griffin submits the declaration he submitted in support of his motion for summary judgment in opposition to HOGDI's motion for summary judgment. The Court shall refer to both Declarations as the "Griffin Declaration," unless it is necessary to distinguish between the two for purposes of discussing the parties burdens of proof.

2

AND, WHEREAS, both parties are concerned with protecting the associated names, marks, and teachings of the **Original Order** and in preventing the wrongful usage and infringement thereof by third parties;

AND, WHEREAS, both parties have respective Applications for registration of their respective names presently pending before the United States Patent and Trademark Office and both parties presently contest or intend to contest the Application of the other;

AND, WHEREAS, the products and services which each party offers to the general public are extremely similar and are marketed in similar channels with the names and marks each party uses, so that there exists a likelihood of confusion by the public in the absence of this Agreement;

AND WHEREAS, each party desires to continue to develop its own distinct image in the public mind and avoid confusion on those areas where the parties differ from one another;

NOW, THEREFORE, in mutual consideration of their respective promises and covenants contained herein, the parties agree as follows:

1. Each party grants to the other the unconditional, perpetual, and irrevocable right to usage in the United States of America and worldwide of the granting party's respective name(s) when used in conjunction with a trade- or service-"Mark" or "Name" as defined by the Lanham Act § 45, 15 U.S.C. § 1127). Notwithstanding [HOGDI's] contention that the disclosure of the name "Ordo Rosae Rubeae et Aureae Crucis, R.R. et A.C." constitutes a deviation from the spirit, teaching, and intent of the sacred rules of the system of the **Original Order**, to wit [HOGDI] shall not object to **Order's**[2] usage of the name and mark **The Hermetic Order of the Golden Dawn** and **Order** shall not object to [HOGDI's] usage of the name and mark **Ordo Rosae Rubeae et Aureae Crucis, R.R. et A.C.**

2. Neither party shall interfere with or otherwise, directly or indirectly, challenge the trade name/mark, or service name/mark registration or usage by the other party of that other party's aforesaid name(s). **Order** will promptly cause to be filed, upon execution of this Agreement by all parties hereto, a dismissal of its Opposition ... to [HOGDI's] pending Trademark Application with the United States Patent and Trademark Office (nr. 74/657809). [HOGDI] shall not object to or challenge **Order's** pending Trademark Application with the United States Patent and Trademark Office (nr. 74/723244). Both parties agree that this Agreement or a Memorandum evidencing its details may be recorded in the United States Patent and Trademark Office. [HOGDI] shall not object to or challenge **Order's** pending Trademark Applications with the Office for Harmonization of the Internal Market of the European Union (nrs. 63891 and 63925). Both parties shall have the right to license and/or warrant other Temples without interference or permission of the other party, provided that said Temples adhere to the landmarks of the **Original Order**.

---

[2] The Griffin-Behman Partnership is identified in the 1996 Agreement as "Hermetic Order of the Golden Dawn (herein called "**Order**"), a general partnership also known as Ordo Rosae Rubeae et Aureae Crucis and as R.R. et A.C." (Griffin Decl., Ex. 1.)

3

> 3. Both parties warrant and represent that each is presently entitled to the exclusive ownership and usage of its respective name(s) and marks which is the subject of this Agreement, save for acknowledging that the other party claims a right therein, and that it has the right and authority to enter this agreement and agree to its terms.

(*Id.*, emphasis in original). HOGDI acknowledges the existence of the 1996 Agreement and acknowledges that Charles Cicero signed it on its behalf. HOGDI disputes the continued validity of the 1996 Agreement and the rights it may or may not bestow on Griffin to use the Golden Dawn mark. HOGDI contends that the 1996 Agreement is no longer in effect because, on or about May 30, 1998, the Griffin-Behman partnership dissolved.

According to the agreement which dissolved the Griffin-Behman partnership, the purpose of the partnership involved "the holding, ownership, and/or administration ... of the Original Order's trade or service 'marks' in the United States of America ... and world-wide," including "all rights held by the parties in" the 1996 Agreement. (Griffin Decl., Ex. 3.) The dissolution agreement provides that "[i]n consideration of the assumption of liabilities of this Partnership by Griffin, and for other valuable consideration, Behman hereby assigns to Griffin all of her interests in this Partnership, any and all other rights she may have in the Original Order's above-referenced trade and service 'marks,' and any and all rights she may hold in the above-referenced agreement executed by the parties and Charles 'Chic' Cicero on behalf of" HOGDI. (*Id.*)[3]

## ANALYSIS

**A.      Evidentiary Objections and Motions to Strike**

   **1.      Griffin's Objections and Motions to Strike with respect to HOGDI's Motion.**

In support of its motion, HOGDI submits the declaration of Charles Cicero. (Docket No. 77.) Griffin objects to paragraph 4 of Mr. Cicero's declaration on the ground that it is false and unsubstantiated. (*See* Griffin's Evidentiary Objections to the Declaration of Charles Cicero and the declaration of David John Griffin in support thereof, Docket Nos. 88, 90.) Griffin's

---

[3] Again, HOGDI does not dispute the existence or validity of the dissolution agreement, but does dispute what legal effect it has on Griffin's right to use the Golden Dawn mark.

4

objection is OVERRULED. Griffin also objects to paragraph 5 of Mr. Cicero's declaration on the ground that the exhibit Mr. Cicero references is incomplete. Because the complete document is part of the record, the Court OVERRULES the objection.

On November 19 and 20, 2006, Griffin moved to strike HOGDI's reply brief, the declaration of Michael Cronen dated November 14, 2006, and the supplemental declaration of Charles Cicero dated November 14, 2006.[4] (Docket Nos. 97-107.) Griffin moves to strike HOGDI's reply brief on the grounds that HOGDI raises a new argument with respect to Griffin's alleged usage of the disputed mark in commerce and that HOGDI's reply is based on alleged false allegations. Griffin's motion is GRANTED IN PART AND DENIED IN PART. It is evident from the motion to strike that Griffin takes issue with HOGDI's characterization of Griffin's position in opposing HOGDI's motion for summary judgment and of HOGDI's view of the application of the law to the facts of this case. If Griffin had sought leave to file a sur-reply addressing those issues in the manner in which he does in the motion to strike, the Court would have denied the motion. Thus, Griffin's motion to strike section A of HOGDI's reply brief is DENIED.

However, section B of HOGDI's reply responds to matters raised by Griffin in the reply in support of *Griffin's* motion for summary judgment. The briefing on *Griffin's* motion was closed at the time HOGDI filed its reply. HOGDI did not seek leave of Court to submit a sur-reply on that motion. *See* N.D. Civ. L.R. 7-3(d). As such, the Court shall not consider section B of HOGDI's reply brief. The Court notes, however, that Section B of the motion would not impact the Court's decision.

The Court DENIES the motions to strike the Declarations of Michael Cronen and Charles Cicero filed on November 14, 2006. Again, however, those declarations do not impact the Court's decision on these motions.

Griffin also moved the Court to take judicial notice of the fact that Charles Cicero executed the 1996 Agreement. The Court DENIES this motion. The 1996 Agreement already

---

[4] HOGDI opposes each of these motions on the ground that they violated Northern District Civil Local Rule 7-3(d), which provides that "once a reply is filed, no additional memoranda, papers or letter may be filed without prior Court approval."

5

is in evidence, and Mr. Cicero has not denied that he executed the 1996 Agreement. Griffin also moves the Court to admit HOGDI's mediation statement dated May 24, 2006. That motion is DENIED for the same reasons the Court has denied Griffin's motion to take judicial notice.

### 2. HOGDI's Motion to Strike Declaration of David John Griffin in Support of Motion for Summary Judgment.

HOGDI moves to strike portions of the declaration of David John Griffin submitted in support of Griffin's motion for summary judgment. The Court overrules the objections to paragraph 5, which pertain to matters of which Mr. Griffin has personal knowledge. The Court sustains the objections to paragraph 11, which sets forth a legal conclusion. HOGDI's objections to the specific statements referenced in its motion to strike and which are set forth in paragraphs 12, 17, 19 and 22 of the Griffin declaration are sustained.

### C. There are Disputed Issues of Fact Which Preclude Summary Judgment.

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id*. at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The Court has carefully considered each party's arguments. However, it concludes that the 1996 Agreement is ambiguous with respect to what rights HOGDI and the Griffin-Behman partnership intended to convey to one another. Further, there are factual disputes that prevent the Court from resolving the ambiguities to determine the intent of those parties at this time. As such, the Court cannot conclude that Griffin is using HOGDI's mark without its consent. Nor

can the Court conclude whether HOGDI has breached the 1996 Agreement in the manner in which Griffin contends.

For these reasons, the parties' motions are DENIED.

**IT IS SO ORDERED.**

Dated: December 1, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE