IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HERMETIC ORDER OF THE GOLDEN DAWN, INC.., <br><br> Plaintiff(s), <br><br> vs. <br><br> DAVID J. GRIFFIN, <br><br> Defendant(s). | No. C 05-0432 JSW (MEJ) <br><br> **REPORT & RECOMMENDATION RE: PARTIES' CROSS-MOTIONS TO ENFORCE SETTLEMENT AND DEFENDANT'S MOTION FOR SANCTIONS** |

On January 17, 2007, the undersigned magistrate judge conducted a settlement conference and, as a result of successful negotiations, the parties entered into a written settlement agreement (the "Agreement"). (Doc. ##161, 170, Ex. A.) However, both parties now contend that the other party has violated the terms of their Agreement. Plaintiff filed its Motion to Enforce on February 22, 2008. (Doc. #170.) On April 14, 2008 Defendant filed his counter-motion to enforce or set aside the Agreement. (Doc. #183).[1]

In keeping with the spirit of the parties' Agreement, the undersigned requested that the parties appear for a further settlement conference before hearing any motions. The further settlement conference took place on April 14, 2008, but the parties were unable to resolve their differences. (Doc. #182.) The Court then scheduled both motions for a hearing. On April 20, 2008, Defendant also filed a motion for sanctions against Plaintiff based on the April 14 settlement negotiations. (Doc. #186.)

On June 5, 2008, the Court held a hearing on the matters. Based on the materials submitted

---

[1] As the parties expressly provided for the District Court's continuing jurisdiction in their Agreement, the Court has jurisdiction over the parties' motions. *Kokkonen v. Gurdian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994) (stating that a court has ancillary jurisdiction to enforce a settlement agreement when the parties agree to continuing or retention jurisdiction).

United States District Court
For the Northern District of California

by the parties and the oral arguments on June 5, it is clear that the Agreement must be set aside. Although the parties entered into a written settlement agreement, they are now unable to agree on the intent and purpose of that agreement. Further, at the June 5 hearing, the parties raised issues which are not addressed in the Agreement, such as the scope of each party's trademark in relation to the internet, as well as Defendant's use of the triple seal design. Although the undersigned attempted to resolve these issues at the June 5 hearing, the parties' adverse positions make settlement unlikely. Accordingly, the undersigned RECOMMENDS that the District Court deny the parties' cross-motions to enforce the Agreement, and that it set aside the Agreement and place this matter back on calendar for disposition.

As to Defendant's motion for sanctions, the Court finds that Plaintiff's conduct at the April 14 settlement conference does not rise to the level of sanctionable conduct. If anything, the Court finds that neither party came prepared to fully negotiate regarding the terms of the existing Agreement. Accordingly, the undersigned RECOMMENDS that the District Court deny Defendant's motion for sanctions.

**IT IS SO RECOMMENDED.**

Dated: June 5, 2008

MARIA-ELENA JAMES
United States Magistrate Judge

2